IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MICHAEL WILSON, SR. *et al.*,

    Plaintiff,

v.                                                                                    CIV 11-0658 KG/KBM

DEPUTY LAWRENCE MONTANO, *et al.,*

    Defendants.


## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on pending motions in one of the three cases (*Ortiz v. Benavidez*, CIV 11-0951 KG/KBM) that have been consolidated in this action. In these consolidated cases, the plaintiffs contend that following their arrest, the defendants deprived them of their constitutional right to a timely probable cause determination by a neutral magistrate. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) (holding that probable cause determinations must be made within forty-eight hours of arrest absent extraordinary circumstances). The defendants include the arresting and transporting officers and their supervisors, as well as the warden of the detention facility where the plaintiffs were held in custody and members of his staff.

### **Procedural Background**

Pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Honorable Kenneth J. Gonzales recently referred to me "to conduct hearings, if warranted, including

evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition" of the following motions with regard to the claims of Plaintiff Jesse Ortiz:  (1) Defendant Warden Joe Chavez' Motion to Dismiss (*Doc. 21)*, and (2) the Motion to Dismiss or for Summary Judgment on Behalf of Defendants Benavidez, Woodward and Mike Chavez ("Belen Defendants") (*Doc. 23*).  *See Doc. 88*.

Briefing on the motions before me was initially completed on April 6, 2012.  On May 14, 2012, however, then-presiding District Judge Bruce Black found that the qualified immunity issue raised in the instant motions had been "resolved in an Order issued by this Court in the consolidated case of *Wilson v. Montano,* 11cv658."  *See Doc. 46 in CIV 11-951*.  Therefore, Judge Black decided to "await the Tenth Circuit's ruling" before addressing the Belen Defendant's motion to dismiss.  *See Doc. 70* at 2.

On the interlocutory appeal in the *Wilson* case, the Tenth Circuit affirmed Judge Black's denial of qualified immunity to all defendants except as to Valencia County Deputy Sheriff Fred Torres, an assisting officer who simply transported the accused to the detention facility.  *See Wilson v. Montano*, 715 F.3d 847 (10th Cir.)*, cert denied,* 134 S. Ct. 426 (2013).  Based upon the rationale of that decision, Plaintiff Jesse Ortiz has voluntarily dismissed his claims against Defendant Officer Brent Woodward.  *See Doc. 82* (stipulation of dismissal with prejudice)*; Doc. 81* at 2 (Plaintiff Ortiz acknowledging that "Officer Torres is factually indistinguishable from Defendant Woodard in that each was only involved in the transportation of the Plaintiff and did not actually make the arrest.").

While the *Wilson* defendants' petition for certiorari with the Supreme Court was pending, the Court held a status conference with all of the attorneys in these

consolidated cases. Discussions included whether the general stay of discovery should remain in place given the Tenth Circuit's qualified immunity rulings in *Wilson*. Given that the Belen Defendants also seek summary judgment, they contended that their motion is in a different posture than the motions to dismiss addressed in the *Wilson* appeal. The Court was persuaded that the parties should have the opportunity to submit supplemental briefs on the Belen Defendants' pending motion to dismiss or for summary judgment. That briefing has now been completed.

## Undisputed Facts

The undisputed facts show that Belen Police Officer Martin Benavidez, like Deputy Montano in the *Wilson* case, prepared a criminal complaint for presentment to a magistrate judge. As in *Wilson*, the criminal complaint charging Ortiz was not presented for review by a magistrate within the 48 hour time frame as required by *City of Riverside*. Nevertheless, the Belen Defendants maintain that the Tenth Circuit's *Wilson* ruling actually "supports the dismissal of all claims [brought by Ortiz] against Officer Benavidez, and the dismissal of individual capacity claims against Defendant [Mike] Chavez, the former Chief of Police" as distinguishable on the facts. *Doc. 80* at 1.

Clearly Officer Benavidez, the individual who arrested Plaintiff Ortiz, is similarly situated with Deputy Sheriff Montano, Plaintiff Wilson's arresting officer. However, Officer Benavidez maintains that unlike Deputy Sheriff Montano in *Wilson*, "'**extraordinary circumstances**' prevented [him] from knowing his acts were unconstitutional and thus he is entitled to qualified immunity." *See Doc. 80* at 5 (emphasis added). Defendants assert that the delay in obtaining the probable cause determination arose from an "internal policy" implemented by Officer Benavidez'

superiors at the Belen Police Department requiring review of the complaint by the district attorney's office before presentation to a magistrate. *See Id.* at 5-7.

In his Declaration accompanying the motion for summary judgment, former Belen Police Chief Mike Chavez refrains from identifying any "internal policy" or its genesis. He does acknowledge, however, that based upon his understanding of a "statutory obligation to cooperate" with the district attorney's office, he "did not oppose" presentment to them "for approval and signature before filing the complaint with the Court." Declaration of Mike Chavez, *Doc. 24-3* at ¶¶ 8-9. In turn, the district attorney's office was to "immediately contact the Belen Police Department" if a deficiency was perceived. *Id.* at ¶ 10.

It is undisputed that Officer Benavidez "left the original copy [of the Ortiz complaint] at the Police Department to be delivered to the District Attorney's office for its review and approval." Declaration of Martin Benavidez, *Doc. 24-1* at ¶ 12. Officer Benavidez also declares that "[n]o one from the District Attorney's office ever informed me that [the] criminal complaint I prepared regarding Plaintiff was deficient." *Id.* at ¶ 13. Officer Benavidez also testifies that prior to this litigation, he did not know that the Ortiz complaint, or other criminal complaints prepared by the department, were not being filed in a timely manner with the Court, *id.* at ¶ 14-15. Likewise, Police Chief Chavez denies knowledge that any criminal complaints prepared by his department, including the one prepared by Officer Benavidez against Plaintiff Ortiz, were not being timely filed with the Court. *Doc. 24-3.* at ¶¶ 11, 12 & 21.

## Analysis

The *City of Riverside* decision holds that absent "a bona fide emergency or other

4

extraordinary circumstances," the Fourth Amendment right to a prompt probable cause determination requires review of a criminal complaint by a neutral magistrate within 48 hours of arrest. *City of Riverside*, 500 U.S. at 56; *see also Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). Even weekends and holidays do not qualify as "extraordinary circumstances" excusing presentment within that time period. *City of* Riverside, 500 U.S. at 57-58. And, as the Tenth Circuit found in *Wilson*, that right to a prompt probable cause determination was clearly established at the time of Plaintiff Ortiz' arrest. *Wilson*, 715 F.3d at 852.

The undisputed facts demonstrate that the complaint charging Plaintiff Ortiz was not presented to a neutral magistrate for review within the 48-hour window established by the Supreme Court – a definite violation of a clearly established right. Nevertheless, the court must consider 'whether extraordinary circumstances – such as reliance on the advice of counsel or on a statute – so prevented the official from knowing that his or her actions were unconstitutional that he or she should not be imputed with knowledge of a clearly established right.'" *Id.* at 852 (*quoting Anderson v.* Creighton, 483 U.S. 635, 640 (1987)). Thus, the Court must determine whether compliance with the "internal department policy" discussed above constitutes such an "extraordinary circumstance" that Officer Benavidez is entitled to qualified immunity.

It is superficially appealing to believe that the review of a complaint by prosecutors could actually protect an accused's constitutional rights by assuring that the arresting officer has set forth sufficient facts justifying continued detention. It is apparent, however, that the assistant district attorney approval process was created by the Belen Police Department with the intent to identify deficiencies so that the arresting

5

officer could "immediately correct any noted deficiency" prior to review by the magistrate, *Doc. 24-3* at ¶ 10, and thereby avoid dismissal of the charges.

Defendants nonetheless argue that because the followed policy was not "obviously unconstitutional" on its face, qualified immunity should inure to the benefit of both Officer Benavidez and Chief Chavez. *Doc. 80* at 6. However, had Officer Benavidez simply monitored the progress of the prosecutor's review of the criminal complaint, he would have realized that adherence to the policy was indeed resulting in a violation of Ortiz' constitutional rights. This is not a situation where the offending act was taken by the officer in reliance on advice of counsel or compliance with a nondiscretionary statute or regulation such that "he should not be imputed with knowledge of an admittedly clear established right." *V-1 Oil Company v, State of Wyoming Dept. of Environmental Quality*, 902 F.2d 1482, 1488 (10th Cir. 1990), *quoting Robinson v.* Bibb, 840 F.2d 349, 350 (6th Cir. 1988).

To the contrary, as described in *Wilson*, New Mexico law unambiguously places the duty to promptly file a criminal complaint on the arresting officer. Thus, under clearly established law, it is ultimately the arresting officer's obligation to assure compliance with the dictates of *City of Riverside* and provide a probable cause determination within 48 hours. An arresting officer should not be able to abdicate this statutorily-created responsibility by misplaced reliance on others to timely act pursuant to an internally-promulgated policy. Thus, the Court finds that the arresting officer's compliance here with the "internal policy" cannot constitute one of those rare "extraordinary circumstances" supporting a viable defense to liability.

Moreover, a supervisory defendant cannot escape liability when his personal

6

conduct in maintaining a policy causes the deprivation of a constitutionally protected right. *See e.g., Dodds v. Richardson*, 614 F.3d 1185, 1204 (10th Cir. 2010). Therefore, I will recommend to the presiding judge that he find, as Judge Black did in *Wilson*, neither of the remaining Belen defendants is entitled to qualified immunity.

### Claims brought against VCDC Warden Joe Chavez

Finally, the Tenth Circuit's rationale for the rejection of qualified immunity as to Wilson's claims against Defendant Joe Chavez who served as the Warden of the Valencia County Detention Center seems to equally apply to the claims brought by Ortiz. *See Wilson,* 715 F.3d at 856-58. Because Plaintiff Ortiz's allegations and claims against Warden Joe Chavez precisely mirror those brought by Plaintiff Wilson, the Court will recommend that Defendant Joe Chavez' Motion to Dismiss also be denied.

Wherefore,

IT IS HEREBY RECOMMENDED that the Belen Defendants' Motion to Dismiss or for Summary Judgment (*Doc. 23*) and Defendant Joe Chavez' Motion to Dismiss (*Doc. 21)* (both filed in CIV 11-0951) be **denied**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE