IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILSON, SR. et al.,

    Plaintiffs,

vs.                                                      Civ. No. 11-658 KG/SCY

DEPUTY LAWRENCE MONTANO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on its Memorandum Opinion and Order Adopting Proposed Findings and Recommended Disposition (Memorandum Opinion and Order), filed November 4, 2014. (Doc. 98). In that Memorandum Opinion and Order, the Court deferred ruling on Defendant Mike Chavez's assertion of qualified immunity in order to allow Plaintiff Jesse Ortiz (Plaintiff) "until December 12, 2014, to depose Defendant Mike Chavez on the limited subject of his mental state in regards to Plaintiff's unconstitutional detention." *Id.* at 9. In addition, once Plaintiff deposed Defendant Mike Chavez, the Court permitted Plaintiff to file supplemental briefing on the issue of Defendant Mike Chavez's mental state. *Id.* Plaintiff did not file any such supplemental briefing.

Defendant Mike Chavez seeks qualified immunity on the unconstitutional detention claim asserted against him in his individual capacity. Defendant Mike Chavez, as a supervisor, argues that he did not violate Plaintiff's constitutional rights because Plaintiff failed to establish his requisite mental state. *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (to hold official liable under 42 U.S.C. § 1983 for role in supervising a constitutional violation, plaintiff must establish three elements including requisite mental state). The Court

acknowledged in the Memorandum Opinion and Order that "there is insufficient evidence in the record to draw any conclusions about Defendant Mike Chavez's mental state." (Doc. 98) at 8. Consequently, the Court allowed Plaintiff to obtain limited discovery on the issue of Defendant Mike Chavez's mental state and to file supplemental briefing on that issue.

A. *Standard of Review*

When a defendant moves for summary judgment on the basis of a qualified immunity defense, the Court "still view[s] the facts in the light most favorable to the non-moving party and resolve[s] all factual disputes and reasonable inferences in its favor." *Estate of Booker,* 745 F.3d at 411. Unlike other affirmative defenses, the plaintiff bears the burden of overcoming the defense of qualified immunity. *Id*. At the summary judgment stage, the Court "must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Id.*

B. *Discussion*

Here, the Court gave Plaintiff the opportunity to obtain additional discovery regarding Defendant Mike Chavez's mental state and to, therefore, show that Defendant Mike Chavez unconstitutionally detained Plaintiff. Because Plaintiff failed to file supplemental briefing on the issue of Defendant Mike Chavez's mental state, Plaintiff has not overcome Defendant Mike Chavez's defense of qualified immunity on the claim brought against Defendant Mike Chavez, in his individual capacity, for unconstitutionally detaining Plaintiff. Defendant Mike Chavez is, therefore, entitled to summary judgment on that claim.

IT IS ORDERED that

1. summary judgment will be entered in favor of Defendant Mike Chavez on the unconstitutional detention claim brought against him in his individual capacity; and

2. that claim will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE