IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILSON, SR. et al.,

    Plaintiffs,

vs.                                                     Civ. No. 11-658 KG/SCY
                                                            Consolidated with
                                                            Civ. No. 11-951 KG/SCY
                                                            Civ. No. 11-1021 KG/SCY

DEPUTY LAWRENCE MONTANO, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on its Memorandum Opinion and Order Adopting Proposed Findings and Recommended Disposition (Memorandum Opinion and Order), filed November 4, 2014. (Doc. 98). The Memorandum Opinion and Order addressed objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 89) on the Motion to Dismiss or for Summary Judgment on Behalf of Defendants Benavidez, Woodward and Mike Chavez (Doc. 23) (filed in Civ. No. 11-951 KG/SCY). The Court deferred ruling on Defendant Mike Chavez's assertion of qualified immunity in order to allow Plaintiff Jesse Ortiz (Plaintiff) "to depose Defendant Mike Chavez on the limited subject of his mental state in regards to Plaintiff's unconstitutional detention." *Id.* at 9. Upon completion of Defendant Mike Chavez's deposition, the Court allowed Defendant Mike Chavez and Plaintiff to file supplemental briefs on the issue of Defendant Mike Chavez's mental state. (Doc. 112). This supplemental briefing is now complete. *See* (Docs. 113, 116, and 117). Having considered the supplemental briefing, the Court grants the Motion to Dismiss or for Summary Judgment on Behalf of Defendants Benavidez, Woodward and Mike Chavez, in part, in that the Court will

enter summary judgment in favor of Defendant Mike Chavez on the 42 U.S.C. § 1983 claims brought against him in his individual capacity.

A. *Background*

Plaintiff alleges that Defendant Mike Chavez, in his supervisory role as Chief of Police of the Belen Police Department, violated Plaintiff's constitutional right to a prompt probable cause determination at an arraignment hearing by delaying the filing of criminal complaints. To hold a supervisor liable under Section 1983, a plaintiff must establish three elements: (1) personal involvement, (2) causation, and (3) the requisite mental state. *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014). The Court has already found that Defendant Mike Chavez does not dispute the first two elements of supervisory liability. (Doc. 98) at 7. The issue before the Court is whether Defendant Mike Chavez acted with a sufficiently culpable mental state to be liable under Section 1983. Defendant Mike Chavez contends that the undisputed facts show that he did not have the requisite mental state and so he is entitled to qualified immunity and summary judgment on the Section 1983 claims brought against him in his individual capacity. Plaintiff asserts, on the other hand, that there is a genuine issue of material fact with respect to Defendant Mike Chavez's mental state, thereby precluding qualified immunity and summary judgment on the Section 1983 claims.

   *1. Defendant Mike Chavez's Deposition Testimony*

While Chief of Police, Defendant Mike Chavez cooperated with the District Attorney's (D.A.) request that Belen Police Department police officers have certain criminal complaints reviewed and approved by the D.A.'s office prior to the officers filing those criminal complaints. (Doc. 113-1) at 6-7; depo. at 61-62. The common practice was for the officers to wait at the D.A.'s office for the criminal complaints to be approved. (Doc. 113-2) at 1; depo. at 73. If the

officer could not see someone at the D.A.'s office, the officer left the criminal complaint at the D.A.'s office for review and the D.A.'s office would call the police department back. *Id.* Defendant Mike Chavez testified that if there was "a problem with the criminal complaint, it was dealt with that day unless, again, at night when no one was there, the next day when they came in. They wouldn't wait days later." *Id.* at 2; depo. at 75. Defendant Mike Chavez was unaware that officers were not filing timely criminal complaints under this system of review nor did he receive any complaints arising from the reviews by the D.A.'s office. (Doc. 113-1) at 4; depo. at 50-52. Defendant Mike Chavez did not learn of the delay of arraignment hearings until over a year after he retired. (Doc. 113-2) at 2; depo. at 76.

2. *Teresa Chavez's Affidavit*

Teresa Chavez, the Court Manager for the Belen Magistrate Court, attested in an affidavit that during the relevant timeframe "it was known that law enforcement agencies/officers" would frequently fail to file timely criminal complaints. (Doc. 116-1) at ¶¶ 3 and 4. Moreover, court clerks who worked under Teresa Chavez's supervision "would call the law enforcement agencies daily requesting the criminal complaints from the agency." *Id.* at ¶¶ 6-9.

3. *D.A. Lemuel Martinez's Deposition*

D.A. Lemuel Martinez did not have a policy nor did he instruct officers to either delay filing criminal complaints or not file criminal complaints. (Doc. 116-2) at 2; depo. at 9.

B. *Standard of Review*

When a defendant moves for summary judgment on the basis of a qualified immunity defense, the Court "still view[s] the facts in the light most favorable to the non-moving party and resolve[s] all factual disputes and reasonable inferences in its favor." *Estate of Booker,* 745 F.3d at 411. Unlike other affirmative defenses, the plaintiff bears the burden of overcoming the

defense of qualified immunity.  *Id*.  At the summary judgment stage, the Court "must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct."  *Id.*  If the plaintiff demonstrates that the defendant violated a clearly established constitutional or statutory right, then the burden shifts back to the defendant, who must demonstrate that no genuine issues of material fact exist and that the defendant is entitled to judgment as a matter of law.  *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1312 (10th Cir. 2002).  The defendant, therefore, still bears the summary judgment burden of showing that no material facts remain in dispute that would defeat the qualified immunity defense.  *Id*.  Finally, "[w]hen the record shows an unresolved dispute of historical fact relevant to this immunity analysis, a motion for summary judgment based on qualified immunity should be 'properly denied.'"  *Id.* (quoting *Salmon v. Schwarz*, 948 F.2d 1131, 1136 (10th Cir. 1991)).

C. *Discussion*

At a minimum, a plaintiff must establish "a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights."  *Wilson v. Montano*, 715 F.3d 847, 858 (10th Cir.), *cert. denied*, 134 S.Ct. 426 (2013).  Precisely what state of mind is required for individual liability depends on the type of claim a plaintiff brings.  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013).  In this case, the Court previously noted that it is not clear whether a deliberate indifference or recklessness state of mind applies.  (Doc. 98) at 7-8.  "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 410 (1997).  "[R]eckless intent is established if the actor was aware of a known or obvious risk that was so great that it was highly probable that

4

serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." *Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1496 (10th Cir. 1992).

Plaintiff contends that Teresa Chavez's affidavit and Lemuel Martinez's deposition testimony create a genuine dispute of material fact regarding Defendant Mike Chavez's assertion that he did not know that officers were not filing timely criminal complaints. Defendant Mike Chavez argues, however, that the Court should disregard Teresa Chavez's affidavit under Fed. R. Civ. P. 56(c)(4). Rule 56(c)(4) states that an affidavit used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." More particularly, the nonmovant must present specific facts in the affidavit that demonstrate a genuine dispute of material fact. *Toevs v. Milyard*, 563 F. App'x 640, 643 (10th Cir. 2014). Courts will not presume missing facts in an affidavit. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990).

In this case, Teresa Chavez's affidavit does not specify which "law enforcement agencies" were involved in the untimely filing of criminal complaints nor does it assert that any of the court clerks contacted Defendant Mike Chavez or his office about that issue. The Court will not presume that Teresa Chavez's affidavit implicitly refers to the Belen Police Department or to Defendant Mike Chavez. Accordingly, Teresa Chavez's affidavit does not set out specific facts from which a reasonable jury could find that Defendant Mike Chavez knew about the filing of untimely criminal complaints. As such, the affidavit is not relevant under Fed. R. Evid. 403 and is inadmissible. Consequently, Rule 56(c)(4) precludes the Court from considering Teresa Chavez's affidavit.

Defendant Mike Chavez also argues that Lemuel Martinez's deposition testimony that he did not instruct officers to delay filing criminal complaints or to not file criminal complaints fails to contradict Defendant Mike Chavez's deposition testimony that the D.A. requested to review certain criminal complaints before they were filed. The Court agrees with Defendant Mike Chavez and finds that Lemuel Martinez's deposition testimony does not create a genuine issue of fact material to Defendant Mike Chavez's mental state.

The uncontradicted evidence before the Court shows that Defendant Mike Chavez had no knowledge that cooperating with the D.A.'s request to review certain criminal complaints resulted in arrestees not receiving a timely probable cause determination. The uncontradicted evidence also shows that Defendant Mike Chavez understood that any problems with the criminal complaints were taken care of in a timely manner. Viewing this evidence in the light most favorable to Plaintiff, no reasonable jury could find that Defendant Mike Chavez (1) disregarded a known or obvious consequence of his decision to cooperate with the D.A.'s office to review certain criminal complaints, or (2) was aware of a known or obvious risk to the arrestees that was so great that it was highly probable that the arrestees would not receive timely probable cause determinations. No reasonable jury could, therefore, find that Defendant Mike Chavez either acted with deliberate indifference or recklessness towards Plaintiff's constitutional rights. Without the requisite deliberate and intentional mental state, Plaintiff has failed to show that Defendant Mike Chavez violated Plaintiff's constitutional rights. Hence, Defendant Mike Chavez is entitled to qualified immunity and to summary judgment on the Section 1983 claims brought against him in his individual capacity.

IT IS ORDERED that

1. the Motion to Dismiss or for Summary Judgment on Behalf of Defendants Benavidez, Woodward and Mike Chavez (Doc. 23) (filed in Civ. No. 11-951 KG/SCY) is granted, in part, in that summary judgment will be entered in favor of Defendant Mike Chavez on the Section 1983 claims brought against him in his individual capacity; and

2. those claims will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE