IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILSON, SR., et al.,

      Plaintiffs,

vs.                                                                      Civ. No. 11-658 KG/SCY
                                                                         Consolidated with
DEPUTY LAWRENCE MONTANO, et al.,                                         Civ. No. 11-951 KG/SCY
                                                                         Civ. No. 11-1021 KG/SCY
      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon the Motion for Summary Judgment on Claims Asserted Against Defendant Dan Robb[1] (Motion for Summary Judgment),[2] filed on August 11, 2015.  (Doc. 123).[3]  Sarrett Plaintiffs filed a response on September 1, 2015, and Robb filed a reply on September 17, 2015.  (Docs. 129 and 135).  Having considered the Motion for Summary Judgment, the accompanying briefs, and the relevant evidence, the Court grants the Motion for Summary Judgment.

*A.  Background*

      The Plaintiffs in these three consolidated cases, the Wilson, Ortiz, and Sarrett cases, allege that in 2010 various law enforcement officers within Valencia County arrested them and

---

[1] Plaintiffs Dustin Sarrett, Oscar Leyva, Mark Sanchez, and Patrick Marquez (Sarrett Plaintiffs) sued Defendant Dan Robb (Robb), among others, in Civ. No. 11-1021 KG/SCY.

[2] Robb failed to comply with D.N.M. LR-Cv 7.1(a)'s concurrence requirement when he filed the Motion for Summary Judgment.  *See* Local Rule 7.1(a) ("a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").  Since Sarrett Plaintiffs would not have concurred with the Motion for Summary Judgment, they are not prejudiced by Robb's failure to comply with Local Rule 7.1(a).  In the interest of justice, the Court will, therefore, decide the Motion for Summary Judgment on the merits.

[3] Unless otherwise noted, citations to the record and pleadings refer to docket entries in Civ. No. 11-658 KG/SCY.

others similarly situated without warrants and booked them into the Valencia County Detention Center (VCDC).  Plaintiffs allege that VCDC wardens held Plaintiffs and others without criminal charges having been filed by the arresting officers or probable cause determinations having been made by the magistrate courts.

    *1. Relevant Claims*

    Sarrett Plaintiffs filed a First Amended Class Action Complaint against, *inter alia*, Belen Police Department (BPD) Officer Joseph Chavez (BPD Officer Chavez), John Doe BPD officers, John Doe booking officers, and former BPD Chief of Police Robb.  Sarrett Plaintiffs have not yet moved to certify a class.  Sarrett Plaintiff Leyva specifically alleges that BPD Officer Chavez arrested him, without a warrant, on March 6, 2010, for committing several misdemeanors.  (Doc. 5) at ¶¶ 67-69, filed in Civ. No. 11-1021 KG/SCY.  According to Sarrett Plaintiffs, BPD Officer Chavez wrote a criminal complaint prior to booking Leyva into VCDC, but did not file the criminal complaint either at the time he booked Plaintiff Leyva into VCDC or at any time during his detention, which ended March 17, 2010.  *Id.* at ¶¶ 70-74.  Plaintiff Leyva further asserts that at no time during that detention did Defendant John Doe booking officer arrange to take him before a judge for a probable cause determination.  *Id.* at ¶81.  Finally, Plaintiff Leyva alleges that Defendant John Doe booking officer did not release him from VCDC "when it became apparent no charges were filed."  *Id.* at ¶ 82.

    In Count VIII of the First Amended Class Action Complaint, Sarrett Plaintiffs bring 42 U.S.C. § 1983 claims against Robb alleging that, in his individual and official capacities as BPD Chief of Police, Robb "established a policy or custom of allowing officers to arrest people and wait before filing charges," and that this policy or custom "in some circumstances … resulted in the arrest and detention of citizens with charges never being filed."  *Id.* at ¶¶ 199 and 200.

Sarrett Plaintiffs also allege that Robb failed to train and supervise his staff so that they would not violate the Fourth Amendment[4] by arresting citizens who would "routinely [be] incarcerated without pending charges."  *Id.* at ¶¶ 201 and 204.  Sarrett Plaintiffs further contend that Robb acted with deliberate indifference to the constitutional violations and that his policy "was a significant moving force behind" the illegal detentions.  *Id.* at ¶¶ 202 and 206.

### 2. Facts Relevant to the Motion for Summary Judgment

Robb was appointed interim BPD Chief of Police in May 2010, after Plaintiff Leyva's arrest in March 2010.  (Doc. 123-2) at ¶ 2.  The Belen City Council then appointed Robb as BPD Chief of Police in June 2011.  *Id.* at ¶ 3.  In addition, Robb had no personal involvement in the arrest of Plaintiff Leyva, no knowledge of any improper filing of Plaintiff Leyva's criminal complaint, nor did Robb know about Plaintiff Leyva's incarceration.  *Id.* at ¶¶ 19, 23, and 24.

### B. The Motion for Summary Judgment

Robb moves for summary judgment on the Section 1983 individual capacity claims on the basis of qualified immunity for his actions related to Plaintiff Leyva.  Sarrett Plaintiffs argue that the Court should deny the Motion for Summary Judgment because (1) it is premature, and (2) there are questions of material fact regarding Robb's mental state which preclude qualified immunity.

### C. Discussion

#### 1. Whether the Motion for Summary Judgment is Premature

---

[4] The Court notes that although Count VIII originally included references to violations of the Fifth and Fourteenth Amendments, the Court has dismissed the claims based on those alleged violations.  (Doc. 159).

Sarrett Plaintiffs argue first that the Motion for Summary Judgment is premature, because discovery has not begun.[5]  (Doc. 129) at 6.  Sarrett Plaintiffs, however, do not seek to defer ruling on the Motion for Summary Judgment under Fed. R. Civ. P. 56(d).  Having failed to seek relief under Rule 56(d), the Court will not consider Sarrett Plaintiffs' argument that the Motion for Summary Judgment is premature due to the lack of discovery.

Sarrett Plaintiffs further argue that the Motion for Summary Judgment is a premature attack on the adequacy of Plaintiff Leyva as a class representative.  Put another way, Sarrett Plaintiffs assert that the issue of the adequacy of Plaintiff Leyva as a class representative is not ripe, because Sarrett Plaintiffs have not yet moved to certify a class.  In fact, Sarrett Plaintiffs admit that if Plaintiff "Leyva was not a proposed class representative in claims against Defendant Robb, then Robb's motion would have merit."  (Doc. 129) at 2.  Sarrett Plaintiffs also contend that there are many individuals similarly situated to Plaintiff Leyva who, unlike Plaintiff Leyva, were improperly incarcerated while Robb was BPD Chief of Police.  Sarrett Plaintiffs, thus, conclude that the Court cannot, as Robb requests, consider just Plaintiff Leyva's situation in deciding the Motion for Summary Judgment without first deciding whether to certify the class.

Contrary to Sarrett Plaintiffs' argument, the Tenth Circuit recently held that the Court is not obligated to decide a class certification motion before deciding a summary judgment motion related to a named plaintiff.  *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1207–08 (10th Cir. 2015).  *See also Manual for Complex Litigation (4th)* § 21.133 ("The court may rule on motions pursuant to … Rule 56, or other threshold issues before deciding on certification; however, such rulings bind only the named parties;" "Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class action

---

[5] The Court stayed discovery because of unresolved qualified immunity issues.  *See* (Docs. 43, 78, and 151).

process for cases that are weak on the merits."); Fed. R. Civ. P. 23, Advisory Committee Notes ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.").  Hence, this Motion for Summary Judgment, which relates only to Plaintiff Leyva, is not premature.

   2.  *The Motion for Summary Judgment:  Individual Capacity Claims and Qualified Immunity*

   When a defendant moves for summary judgment on the basis of a qualified immunity defense, the Court "still view[s] the facts in the light most favorable to the non-moving party and resolve[s] all factual disputes and reasonable inferences in its favor."  *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).  Unlike other affirmative defenses, the plaintiff bears the burden of overcoming the defense of qualified immunity.  *Id.*  At the summary judgment stage, the Court "must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct."  *Id.*  The Court may in its discretion decide which of the two-parts of the qualified immunity test to address first.  *Id.* at 412.

   To hold a supervisor individually liable under Section 1983, a plaintiff must establish three elements: (1) personal involvement, (2) causation, and (3) the requisite mental state.  *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014).  Although Sarrett Plaintiffs argue that Robb has the requisite mental state to be liable in his individual capacity, it is undisputed that Robb could not have personally been involved in causing any violation of Plaintiff Leyva's constitutional rights, because Robb was not even interim BPD Chief of Police at the time of Plaintiff Leyva's arrest.  Consequently, Robb cannot be individually liable under Section 1983.

As such, Robb is entitled to qualified immunity on the individual capacity claims and so is entitled to summary judgment on those claims.

     IT IS ORDERED that

     1.  the Motion for Summary Judgment on Claims Asserted Against Defendant Dan Robb (Doc. 123) is granted;

     2.  summary judgment will be entered in Robb's favor on the Section 1983 individual capacity claims brought in Count VIII of Sarrett Plaintiffs' First Amended Class Action Complaint; and

     3.  those Section 1983 claims will be dismissed with prejudice.

UNITED STATES DISTRICT JUDGE