IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL WILSON, SR., et al.,

      Plaintiffs,

vs.                                                                    Civ. No. 11-658 KG/SCY
                                                                       Consolidated with
DEPUTY LAWRENCE MONTANO, et al.,                                       Civ. No. 11-951 KG/SCY
                                                                       Civ. No. 11-1021 KG/SCY
      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon Defendant Roy Cordova's Motion to Dismiss in Lieu of an Answer (Motion to Dismiss), filed December 6, 2016.  (Doc. 157).[1]  Defendant Roy Cordova (Cordova)[2] moves to dismiss the claims brought against him under Fed. R. Civ. P. 12(b)(5), insufficient service of process, and Fed. R. Civ. P. 4(m), untimely service of process. Sarrett Plaintiffs[3] filed a response on January 6, 2017, and Cordova filed a reply on January 20, 2017.  (Docs. 169 and 170).  Having reviewed the Motion to Dismiss and the corresponding briefing, the Court grants the Motion to Dismiss.

---

[1] Unless otherwise noted, references to the docket sheet are to docket entries in Civ. No. 11-658 KG/SCY.

[2] Cordova is a defendant in just one of the consolidated cases, Civ. 11-1021 KG/SCY, brought by Plaintiffs Dustin Sarrett, Oscar Leyva, Mark Sanchez, and Patrick Marquez (collectively, Sarrett Plaintiffs).

[3] Although "Plaintiffs" responded to the Motion to Dismiss, the Court assumes that those Plaintiffs are Sarrett Plaintiffs, the plaintiffs in the case against Cordova.  The Court, therefore, refers to "Sarrett Plaintiffs" in this Memorandum Opinion and Order.

*A.  Background*

    *1.  Procedural History*

On November 17, 2011, Defendants former Warden Derek Williams, Warden Joe Chavez, and Sheriff Louis Burkhard, through their attorney, Brandon Huss and his law firm Wallin, Huss & Mendez, LLC, filed a Notice of Removal in the Sarrett case.  (Doc. 1), filed in Civ. No. 11-1021 KG/SCY.  In the Notice of Removal, those Defendants noted that Sarrett Plaintiffs had not yet served Cordova.  *Id.* at ¶ 4.  The Sarrett Plaintiffs then filed an amended complaint on November 21, 2011, still naming Cordova as a Defendant.  (Doc. 5), filed in Civ. No. 11-1021 KG/SCY.

On December 30, 2011, the Magistrate Judge stayed discovery in the Sarrett case pending resolution of qualified immunity issues.  (Doc. 28), filed in Civ. No. 11-1021 KG/SCY.  On January 10, 2012, Chief United States District Judge Bruce Black consolidated the Sarrett case with this case, the Wilson case, and Civ. No. 11-952 KG/SCY, the Ortiz case.  (Doc. 35).  Huss and his law firm represented, and to continue to represent, Valencia County Defendants in all three cases.  While discovery was stayed, a dispositive motion in the Wilson case was heard on appeal to the Tenth Circuit and the Court ruled on several dispositive motions in all three cases. (Docs. 73, 119, 120, 158-160, 162-166).  Discovery remained stayed in the three cases until January 30, 2017.  (Doc. 172).

Notwithstanding this pretrial activity, Sarrett Plaintiffs did not serve process on Cordova in violation of Fed. R. Civ. P. 4(m) which required service on a defendant within 120 days of the filing of the complaint.[4]  The Court, therefore, on November 2, 2016, entered an Order to Show Cause requiring Sarrett Plaintiffs to perfect service of process on Cordova within 20 days of the

---

[4] Rule 4(m) was recently amended effective December 1, 2015, to reduce the time to serve a defendant to 90 days.

entry of the Order to Show Cause "or show good cause why service has not been perfected on Cordova and why this action against Cordova should not be dismissed without prejudice." (Doc. 153) at 2.

On November 4, 2016, the Clerk of the Court issued a summons for Cordova on the amended complaint. (Doc. 154). Sarrett Plaintiffs then filed a proof of service on November 22, 2016, which states that on November 15, 2016, a process server served the summons and complaint on the officer manager at the Mora County Sheriff's Office. *Id.*

Sarrett Plaintiffs also filed a response to the Order to Show Cause on November 22, 2016, stating that they initially attempted service on Cordova in 2011 at the Valencia County Sheriff's Office but was told Cordova no longer worked there. (Doc. 155) at ¶ 3. Sarrett Plaintiffs also state that they were unable to locate Cordova because of his common name. *Id.* at ¶ 5. According to Sarrett Plaintiffs, on November 8, 2011, they contacted Huss, who was representing the other Valencia County Defendants, to inform him that they could not locate Cordova without further identifying information such as a birth date or social security number. *Id.* at ¶ 6. After Sarrett Plaintiffs filed their amended complaint on November 21, 2011, Sarrett Plaintiffs note that they again contacted Huss on November 28, 2011, this time to ask if he would accept service on behalf of Cordova, which he declined to do. *Id.* at ¶¶ 8, 9, and 11. Sarrett Plaintiffs further note that discovery was essentially stayed beginning in January 2012. *Id.* at ¶ 15. Finally, Sarrett Plaintiffs state that they eventually located Cordova in Mora, New Mexico and served him on November 15, 2016, as described in the proof of service. *Id.* at ¶ 17. Because Sarrett Plaintiffs timely responded to the Order to Show Cause and showed that they ostensibly served process on Cordova, the Court quashed the Order to Show Cause on November 29, 2016. (Doc. 156).

### 2. *The Motion to Dismiss*

Cordova now moves to dismiss the claims against him under Rule 12(b)(5) for insufficient service of process, and under Rule 4(m) for untimely service of process.  The Court notes that Huss states in the Motion to Dismiss that his law firm, Wallin, Huss, and Associates, LLC, is entering a limited appearance on behalf of Cordova.  (Doc. 157) at 2.  Huss, however, has not actually filed an entry of appearance, whether limited or otherwise, a violation of D.N.M. LR-Cv 83.4(b) and (c).

Nonetheless, in response to the Motion to Dismiss, Sarrett Plaintiffs attached an affidavit by the process server who stated that he could not obtain a home mailing address for Cordova but did learn that Cordova was employed as a sergeant at the Mora County Sheriff's Office. (Doc. 169-2) at ¶¶ 3 and 5.  The process server intended to personally serve Cordova at the Mora County Sheriff's Office, but the officer manager indicated that Cordova was not at work that day.  *Id.* at ¶¶ 6 and 7.  After the office manager attempted unsuccessfully to telephone Cordova three times, she offered to accept service on Cordova's behalf and took possession of the summons and complaint.  *Id.* at ¶¶ 8 and 10.

Sarrett Plaintiffs argue first that the Court should summarily deny the Motion to Dismiss because Cordova failed to seek concurrence from Sarrett Plaintiffs before filing the Motion to Dismiss, a violation of D.N.M. LR Cv. 7.1(a).  Sarrett Plaintiffs also argue that the Court appropriately used its discretion to extend the time to serve Cordova, and that, if service of process was defective, the Court should allow them to properly serve Cordova.

*B.  Discussion*

    *1.  Local Rule 83.4:  Entry of Appearance*

Local Rule 83.4(c) states that "[a]n attorney may not appear in a limited manner as provided in N.M.R. Prof'l Conduct 16-303(E) except by Court order."  Rule 16-303(E) states that "[i]n all proceedings where a lawyer appears for a client in a limited manner, that lawyer shall disclose to the tribunal the scope of representation."  In this case, Huss has not disclosed the scope of his "limited" representation of Cordova nor did he seek an order from the Court to enter a limited appearance.

In addition, Huss's law firm and Huss have simply not filed any kind of entry of appearance on behalf of Cordova as mandated by Local Rule 83.4(b).  Local Rule 83.4(b) requires that when a law firm wishes to enter an appearance so that its members can participate in an action, "each attorney in the firm wishing to receive documents from the Clerk must make a written entry of appearance in the action."  An entry of appearance "includes the attorney's name, firm name, address, telephone number, electronic address, and facsimile number...." D.N.M. LR-Cv 83.4(a).

Although Huss and his law firm violated Local Rule 83.4, the Court has discretion in applying the Local Rules.  *Hernandez v. George,* 793 F.2d 264, 266 (10th Cir.1986) (observing that Tenth Circuit has "recognized that district courts have discretion in applying local rules."). The Court notes that Huss and his law firm previously entered appearances for the other Valencia County Defendants, and the Court and opposing counsel already have Huss's contact information.  The purported limited appearance is also presumably for representation limited to this Motion to Dismiss.  Under these circumstances, the Court finds that the violations of Local Rule 83.4 do not prejudice Sarrett Plaintiffs nor do they hamper the Court's administration of

this lawsuit.  That being the case, the Court will not strike the Motion to Dismiss for Huss and his law firm's failure to comply with Local Rule 83.4.  However, the Court admonishes Huss that he must file an appropriate appearance on behalf of Cordova if he or his law firm plans to continue representing Cordova.  Failure to do so will result in the Court striking future filings on behalf of Cordova.

### 2. Local Rule 7.1(a):  Seeking Concurrence Prior to Filing Motion to Dismiss

Local Rule 7.1(a) states that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."  Cordova provides various reasons or excuses for not having complied with Local Rule 7.1(a).  Because the Court prefers to rule on the merits of the Motion to Dismiss and Sarrett Plaintiffs would not have concurred in the Motion to Dismiss had Cordova sought a good faith request for concurrence, the Court will not summarily deny the Motion to Dismiss based on Cordova's violation of Local Rule 7.1(a).

### 3. Rule 12(b)(5):  Whether Sarrett Plaintiffs Properly Served Cordova

The Court begins its analysis of the Motion to Dismiss by addressing the question of whether Sarrett Plaintiffs properly served Cordova by leaving a copy of the summons and complaint with the officer manager at the Mora County Sheriff's Office, the place of Cordova's employment.  Sarrett Plaintiffs contend that they perfected service on Cordova as required under Fed. R. Civ. P. 4(e)(2)(C), which allows service on an individual by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process."  Sarrett Plaintiffs, however, do not provide any factual or legal support to suggest that the office manager at the Mora County Sheriff's Office was "authorized by appointment or law" to accept service of process on behalf of Cordova.

Under Fed. R. Civ. P. 4(e)(1), service on an individual may also be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state whether the district court is located or where service is made…."  In New Mexico, Rule 1-004(F) NMRA provides a hierarchy of ways to serve process on an individual.  *Edmonds v. Martinez*, 2009-NMCA-072, ¶ 12, 146 N.M. 753, *cert. denied*, No. 31,727 (2009) (holding that New Mexico rules provide a hierarchy of methods for service of process on individuals).  First, Rule 1-004(F)(1) requires service be attempted on an individual personally.  If that attempted service is unsuccessful, then Rule 1-004(F)(2) requires service be attempted on "some person residing at the usual place of abode of the defendant" *and* for service to be sent by first class mail to "the defendant's last known mailing address."  Only if Rule 1-004(F)(2) service is also unsuccessful may Rule 1-004(F)(3) be invoked.  Rule 1-004(F)(3) permits delivery of a copy of the process to the defendant's "actual place of business or employment ... to the person apparently in charge" *and* for service to be mailed to the defendant at the defendant's last known mailing address and at the defendant's actual place of employment.

In this case, the process server attempted personal service on Cordova at the Mora County Sheriff's Office but was unable to do so because Cordova was not at the office.  The process server also was unable to attempt service according to the next step in the hierarchy of service, i.e., Rule 1-004(F)(2), because he did not know where Cordova's "usual place of abode" was located.  Because the process server ostensibly could not perfect service on Cordova under the first two steps of the hierarchy of service, he potentially could have done so under Rule 1-004(F)(3).  The process server, however, did not fully comply with Rule 1-004(F)(3).  Although he left the process at Cordova's place of employment with a "person apparently in charge," the

process server did not mail the process to Cordova's last known mailing address and to his place of employment.

Sarrett Plaintiffs argue that even if they did not comply with Rule 1-004(F)(3), the fact that Cordova received the summons and complaint and is now responding to the lawsuit means that they substantially complied with Rule 1-004(E)(1) NMRA.  Rule 1-004(E)(1) states: "Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."  The New Mexico Court of Appeals, however, rejected a plaintiff's similar argument "for a broader interpretation of Rule 1-004 that allows service to be performed in a manner reasonably calculated to bring the proceedings to the attention of the defendant."  *Edmonds*, 2009-NMCA-072, at ¶ 17 (quoting Rule 1-004(E)(2) which states: "Service may be made, *subject to the restrictions and requirements of this rule,* by the methods authorized by this rule or in the manner provided for by any applicable statute, to the extent that the statute does not conflict with this rule.  (Emphasis added.)").  *See also Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1141 (D.N.M. 2013) (acknowledging that New Mexico courts are "disinclined to accept" argument that actual notice of service overcomes insufficient process).  In light of that case law, Sarrett Plaintiffs' actual notice argument fails.

Next, Sarrett Plaintiffs argue that "even if the Court was to find that service was ineffective, dismissal is not appropriate because any deficiencies are curable."  (Doc. 169) at 6. The Tenth Circuit has, in fact, held that "[t]he general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"  *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.,* 711 F.2d 949,

950 n. 2 (10th Cir.1983)).  Cordova does not address this last argument but instead asserts that the Court should not have allowed Sarrett Plaintiffs an opportunity to serve Cordova in the first instance.  Because the Court chose to exercise its discretion to permit Sarrett Plaintiffs an opportunity to serve Cordova, the pertinent question now is whether the Court should quash the service on Cordova and allow yet another extension of time to properly serve Cordova.

### 4. Rule 4(m):  Whether to Allow Sarrett Plaintiffs a Second Opportunity to Serve Cordova or to Grant the Motion to Dismiss

Rule 4(m) provides the basis for dismissing claims without prejudice for failure to timely serve process and for extending the time to serve process.  The version of Rule 4(m) applicable to this case stated, in part,:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service."  *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995).  "If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  *Id.*

### a. Mandatory Extension of Time and Good Cause

In the Tenth Circuit, good cause is "read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."  *Despain v. Salt Lake Area Metro Gang Unit,* 13 F.3d 1436, 1438 (10th Cir.1994) (internal quotation marks omitted).  Moreover, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service.

Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland,* 86 F.3d 172, 176 (10th Cir.1996). On the other hand, avoiding or evading service of process may constitute "good cause," requiring a mandatory extension of time in which to serve. *Hendry v. Schneider,* 116 F.3d 446, 449 (10th Cir. 1997).

In this case, the process server simply failed to comply with Rule 1-004(F)(3) and did not offer any kind of excuse or explanation for that failure. *Cf. Murphy v. City of Tulsa*, 556 F. App'x 664, 667–69 (10th Cir. 2014) (Tenth Circuit has "made clear that an attorney's failure to monitor a hired process server and ensure timely service does not constitute good cause." (citing *Cox v. Sandia Corp.,* 941 F.2d 1124, 1125–26 (10th Cir.1991)). Moreover, there is no evidence that Cordova was avoiding or evading service of process. Sarrett Plaintiffs have not persuaded the Court that there was good cause for their failure to effect proper service on Cordova within the time the Court permitted. A mandatory extension of time to re-serve Cordova is, therefore, not warranted.

### b. *Permissive Extension of Time*

Sarrett Plaintiffs argue that they can easily cure the prior ineffective service on Cordova now that they know where Cordova works and can obtain an address for Cordova from Huss. Sarrett Plaintiffs also note that Cordova will not be prejudiced by this late service because his attorney has, and is, involved in all three consolidated cases. *See Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004) (factor guiding permissive extension of time includes "whether defendant would have been prejudiced by an extension…."). The Court notes that an

extension of time may be justified if, as in this case, "the applicable statute of limitations would bar the refiled action."[5]  Rule 4(m), Advisory Committee Note (1993).

Cordova observes, on the other hand, that Sarrett Plaintiffs had five years to serve him, but did not try to do so until the Court alerted them in November 2016 that he was unserved. Moreover, Cordova correctly argues that the extensive stay of discovery, as opposed to a stay of proceedings, would not have prohibited Sarrett Plaintiffs from serving Cordova.  Additionally, the stay of discovery did not toll the 120-day period for service of process, because the stay could not affect a non-party, like Cordova.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156-57 (6th Cir. 1991) (holding that district court "was powerless to issue orders affecting any … non-party.  Accordingly, the stay did not toll the 120-day period of service of process."). Furthermore, Cordova notes that, although Huss and his law firm represent other Defendants, the failure to timely serve him prevented him from potentially participating in pretrial activities like two depositions and dispositive motions.  Finally, there is no evidence that Cordova had actual notice of the claims against him prior to November 2016.  *See Mehus*, 295 F. Supp. 2d at 1273 (factor guiding permissive extension of time includes whether defendant had notice of lawsuit).

On balance, the Court agrees with Cordova.  To begin with, the Court was more than generous in allowing Sarrett Plaintiffs an opportunity to properly serve Cordova.  Sarrett Plaintiffs, however, failed to take advantage of that opportunity.  Furthermore, considering the

---

[5] The statute of limitations with respect to Cordova expired years ago.  *Scott v. Dona Ana Cty.*, 2013 WL 4516379, at *3, ¶ 10 (N.M. Ct. App.) ("The statute of limitations under the Tort Claims Act is two years from 'the date of occurrence resulting in loss, injury[,] or death[.]'" (citations omitted)); *Hull v. State of New Mexico Taxation & Revenue Department's Motor Vehicle Div.*, 179 F. App'x 445, 447 (10th Cir. 2006) (holding that three year statute of limitations applies in New Mexico for civil rights violations).

amount of time that has passed since Sarrett Plaintiffs initially named Cordova in their complaint, it would be prejudicial, at this late date, to bring him into the lawsuit, especially since Sarrett Plaintiffs have no adequate reason for not having done so years ago.  For these reasons, the Court does not grant another extension of time to re-serve Cordova and will dismiss Sarrett Plaintiffs' claims against Cordova without prejudice.

IT IS ORDERED that

1.  Defendant Roy Cordova's Motion to Dismiss in Lieu of an Answer (Doc. 157) is granted; and

2.  Sarrett Plaintiffs' claims against Cordova will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE