**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL WILSON, SR., et al.,

      Plaintiffs,

v.                                                                    Civ. No. 11-658 KG/SCY
                                                                      *consolidated with*
LAWRENCE MONTANO, et al.,                                             Civ. No. 11-1021 KG/SCY

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

In this consolidated matter, Valencia County Defendants and City of Belen Defendants seek dismissal of three named Plaintiffs due to their alleged failure to comply with discovery obligations and Court orders. Specifically, the Valencia County Defendants have moved for dismissal of Plaintiff Michael Wilson Sr.'s lawsuit, *Wilson v. Montano et al.*, Civ. No. 11-658 KG/SCY, with prejudice due to his failure to appear at a Court-ordered settlement conference and his failure to comply with Court orders and discovery obligations. Docs. 245, 251.[1] Separately, the Valencia County Defendants and City of Belen Defendants have moved to dismiss Plaintiffs Dustin Sarrett and Oscar Leyva — two of the four named plaintiffs in *Sarrett et al. v. Cordova et al*, Civ. No. 11-1021 KG/SCY — due to their unavailability to attend a Court-ordered settlement conference, failure to provide written discovery, and failure to appear at scheduled depositions. Doc. 237.

On November 28, 2017, United States District Judge Kenneth J. Gonzales referred these motions to me for entry of proposed findings and a recommended disposition. Docs. 246, 247. I held a hearing on these motions on December 22, 2017. Docs. 250, 268. For the reasons set forth

---

[1] Unless otherwise indicated, all citations are to filings in the lead case, *Wilson*, 11-cv-658 KG/SCY.

below, I recommend that the Court grant both motions and dismiss Plaintiffs Wilson, Sarrett, and Leyva's claims with prejudice.

## I.     Factual and Procedural Background

Plaintiff Wilson commenced his lawsuit against the Valencia County Defendants in 2011 (hereinafter "*Wilson* case"). Plaintiffs Sarrett and Leyva also commenced their lawsuit against the Valencia County and the City of Belen Defendants in 2011 (hereinafter "*Sarrett* case"). In early 2012, the Court consolidated these cases.[2] Doc. 35. Since then, the parties have largely engaged in motions practice with discovery stays in place throughout much of the litigation. After the Court ruled on the most recent round of motions in December 2016, *see* Docs. 158-166, I held a status conference with the parties on January 24, 2017 and lifted the discovery stay in place at the time. Docs. 172-73. Although the cases remain consolidated, discovery in the *Wilson* and *Sarrett* cases has largely diverged, primarily because the plaintiffs in the *Sarrett* case intend to seek class certification.

In the *Sarrett* case, I initially bifurcated discovery to allow all of the parties to conduct written discovery regarding class certification issues before commencing merits discovery. *See* Docs. 172-173. Subsequently, over the course of multiple follow-up status conferences with the parties, I modified the discovery process to allow for a phased pre-certification discovery approach. Doc. 178. Specifically, during Phase 1 of pre-certification discovery, the plaintiffs in the *Sarrett* case conducted discovery related to class certification issues. *Id*. In Phase 2 of pre-certification discovery, each group of defendants (Valencia County, City of Belen, and Village of Los Lunas/Bosque Farms) then conducted class certification discovery. Doc. 236. It took several

---

[2] A third lawsuit, *Ortiz v. Benavidez et al.*, Civ. No. 11-951 KG/SCY, was also consolidated with these cases. *Ortiz* was severed after it settled on November 28, 2017. Docs. 248, 249.

months for Phase 1 pre-certifications discovery to be completed. Phase 2 pre-certification is presently underway with a completion deadline of January 26, 2018.[3] *Id.*

Meanwhile, in the *Wilson* case, I entered a standard scheduling order with a 180-day discovery track. Doc. 206. The discovery deadline in *Wilson* is also January 26, 2018. *Id.*

I now turn to the pertinent factual details that formed the basis for the two motions to dismiss that are before me for entry of proposed findings and a recommended disposition.

## A. Settlement Conferences

On July 24, 2017, the Court entered an order setting a settlement conference in this consolidated matter for September 18 and 19, 2017. Doc. 219. On August 22, 2017, the parties jointly moved to vacate this settlement conference because Plaintiffs needed additional time to evaluate the detention center files the Valencia County Defendants produced. Doc. 221. I granted the motion and vacated the settlement conference. Doc. 222.

Approximately two weeks later, on September 7, 2017, I held a status conference to discuss rescheduling the settlement conference and pre-certification discovery matters. Doc. 224. The Village of Los Lunas and Bosque Farms Defendants stated that they preferred not to engage in settlement discussions until after the Court decided whether to certify the class action. *Id.* The Valencia County and City of Belen Defendants, on the other hand, stated they would like to have a settlement conference in November 2017. *Id.* Consequently, I scheduled settlement conferences in the *Sarrett* and *Wilson* cases related to claims against the Valencia County and Belen Defendants for November 28 and 29, 2017. Docs. 226, 228.

I held the next status conference in this matter on October 23, 2017. Doc. 235. During this conference, Plaintiffs' counsel informed the Court and opposing counsel that he had not

---

[3] I have also set a briefing schedule for the plaintiffs in the *Sarrett* case to file their motion seeking class certification. *See* Doc. 236.

been able to reach Mr. Sarrett and Mr. Leyva, who are two of the named plaintiffs and potential class representatives in the *Sarrett* case. Tr. at 4 (Doc. 274). This was the first such mention of difficulties reaching named plaintiffs in this case. As counsel for the Valencia County Defendants pointed out during the status conference, neither the individual claims nor the potential class claims Mr. Sarrett and Mr. Leyva filed could be settled without their involvement in the settlement conference. Tr. at 53-57 (Doc. 274). Because Mr. Sarrett and Mr. Leyva were necessary participants at the *Sarrett* settlement conference and Plaintiffs' counsel represented that he had not been able to get in touch with them to inform them about the conference, I vacated the *Sarrett* settlement conference. Doc. 233.

During the October 23, 2017 conference, Plaintiffs' counsel did not express concerns about reaching any other plaintiff, including Mr. Wilson. However, during pre-settlement discussions the day before the November 28, 2017 settlement conferences in the *Wilson* and *Ortiz* cases, Plaintiffs' counsel notified me that Mr. Ortiz had failed to attend his scheduled deposition that morning and that he had lost contact with Mr. Wilson. As a result, he expressed concern about whether Mr. Wilson and Mr. Ortiz would appear at their settlement conferences. I held a status conference with the parties later that same day to address this issue. Doc. 241. With regard to Mr. Wilson, the following discussion occurred:

> [Court]: What . . . makes you concerned that Mr. Wilson may not appear at the settlement conference?
>
> [Plaintiffs' Counsel]: Well, your Honor, I have had communication with Mr. Wilson just like Mr. Ortiz although it was not as recent as Mr. Ortiz and I have been reaching out to him this past couple weeks to meet with him and discuss things that were pending and coming up and have not been able to reach him in this period of time and so I have some concerns regarding that as well.
>
> [Court]: Okay. And so, you know, I guess the obvious question is whether – when we initially set this settlement conference whether you were able to confirm with

him the date and the time of the settlement conference. Were you able to have that communication with him?

[Plaintiffs' Counsel]: Yes, we were able to inform him of the date and time.

[Court]: . . . Did he confirm with you that he got that message [regarding the settlement conference?]

[Plaintiff's Counsel]: Yes, your Honor, he was aware of the conference.

. . .

[Court]: . . . I don't need to know the specifics of any conversation you've had with [Mr. Wilson] but have you been able to reach him recently enough to talk about the [settlement] offer that the Defendant has made?

[Plaintiffs' Counsel]: No, your Honor.

Tr. at 6-7, 14-15 (Doc. 275). Because Plaintiffs' counsel was unable to affirmatively indicate that Mr. Wilson or Mr. Ortiz would not be appearing at the settlement conferences, I decided to proceed with the settlement conferences the following day in the event either, or both, appeared. Doc. 244.

The next day, Mr. Ortiz appeared for the settlement conference and a settlement was reached in his case. Doc. 248. However, Mr. Wilson failed to appear. Doc. 245. I therefore vacated the settlement conference in the *Wilson* case. The Valencia County Defendants orally moved to dismiss the *Wilson* case due to Mr. Wilson's failure to attend the settlement conference and his failure to respond to their discovery requests. Tr. at 4-5 (Doc. 276). I informed counsel that I intended to hold a hearing in December 2017 on any motions for sanctions that were referred to me in connection with the *Wilson* and *Sarrett* cases, and that I would require the plaintiffs that were the subject of these sanctions motions to personally attend this hearing. Tr. at 3-4 (Doc. 276). I further warned Plaintiffs' counsel that the failure of these plaintiffs to attend the hearing could lead to the dismissal of their lawsuits. *Id.*

### B. Discovery Obligations

The discovery issues that have arisen in the *Sarrett* and *Wilson* cases are also the direct result of the inability of Plaintiffs' counsel to confer with Mr. Wilson, Mr. Sarrett and Mr. Leyva:

1. *Plaintiffs Sarrett and Leyva*

On October 24, 2017, the day after I vacated the settlement conference in the *Sarrett* case based on the inability of Plaintiffs' counsel to reach Mr. Sarrett and Mr. Leyva, the City of Belen Defendants served notices of depositions on Mr. Sarrett and Mr. Leyva, in the care of their counsel, indicating that Defendants intended to take their depositions on November 8, 2017. Doc. 237-1. The day prior to these depositions, counsel for Plaintiffs notified opposing counsel that he was "unable to secure Mr. Ley[v]a or Mr. Sarrett for their depositions" and asked that these depositions be vacated. Doc. 237-2. Since then, Defendants note that Plaintiffs have "not offered to reschedule [these] depositions, and have not indicated that any scheduling would even be possible in light of their counsel's apparent inability to contact them." Doc. 237 at 2. Defendants further represent that counsel for Mr. Sarrett and Mr. Leyva has indicated that they will not appear "because they have active warrants for their arrest, and are unwilling to risk arrest to appear for their depositions." *Id.*

In addition, Mr. Sarrett and Mr. Leyva failed to respond to written discovery (including requests for admission, requests for production, and interrogatories) propounded by the Valencia County Defendants on October 24, 2017. Doc. 258; *see also* Doc. 243. Mr. Sarrett and Mr. Leyva also did not seek any extensions of the November 23, 2017 deadline to respond to this written discovery. Doc. 258 at 3. On December 13, 2017, the Valencia County Defendants filed a notice under Fed. R. Civ. P. 36(a)(3) that Mr. Sarrett and Mr. Leyva, by failing to respond to

written requests for admission, have admitted those matters. *Id.*; *see* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). As of the December 22, 2017 motions hearing, Mr. Sarrett and Mr. Leyva had not yet served any responses to this written discovery, and the Court has received no indication that either Plaintiff has served responses to written discovery since then.

    2.  *Plaintiff Wilson*

    On October 24, 2017, the Valencia County Defendants served written discovery on Mr. Wilson. Doc. 251. Like Mr. Sarrett and Mr. Leyva, Mr. Wilson failed to respond to the written discovery and also did not seek any extensions of the response deadline. *See* Doc. 258. The December 13, 2017 Rule 36(a)(3) notice the Valencia County Defendants filed also deems admitted, for failure to respond, the requests for admission that the Valencia County Defendants directed to Mr. Wilson. *See id*. Mr. Wilson had not responded to this written discovery as of the December 22, 2017 motions hearing and the Court has received no indication that he has served responses to written discovery since then.

    In addition, the Valencia County Defendants served a notice of deposition on Mr. Wilson, in the care of his counsel, indicating that they intended to take his deposition on November 8, 2017. Doc. 251-1. On the day before the deposition, Plaintiff's counsel requested a continuance of the deposition, which opposing counsel granted. Doc. 251-2. Defense counsel later indicated that he agreed to "cancel th[e] deposition based on what [he] thought at the time was scheduling conflicts between [his] office and [Plaintiffs' counsel's] office" but "what [h]e now know[s] from the record is that [Plaintiffs' counsel] was probably having difficulty communicating with

Mr. Wilson at that time such that he couldn't agree to appear at his deposition." Tr. at 10 (Doc. 277). There is no indication that Mr. Wilson's deposition has been rescheduled.

### C. Failure to Appear at December 22, 2017 Hearing

After the Valencia County Defendants and City of Belen Defendants moved to dismiss Mr. Wilson, Mr. Sarrett, and Mr. Leyva's claims on the basis of the conduct detailed above, Judge Gonzales referred the motions to me for entry of proposed findings and recommended disposition. I subsequently set a hearing on these motions for December 22, 2017. Doc. 250. The order setting the motions hearing directed Mr. Wilson, Mr. Sarrett, and Mr. Leyva to appear in person and included a warning that their "[f]ailure to appear at the hearing shall constitute an independent basis for sanctions, to include dismissal of their respective lawsuits." *Id*.

Mr. Wilson, Mr. Sarrett, and Mr. Leyva all failed to appear at the December 22, 2017 motions hearing. Tr. at 4 (Doc. 277). During the hearing, I inquired into their failure to appear and asked Plaintiffs' counsel to describe the efforts he made to contact these plaintiffs and secure their appearance at the hearing. As to Mr. Wilson, counsel indicated that he was unable to reach him. Tr. at 4 (Doc. 277). Counsel explained that this recent lack of contact with Mr. Wilson was a mystery because until the "last couple of months", he was in contact with him. Tr. at 5-6 (Doc. 277). However, with regard to Mr. Sarrett and Mr. Leyva, counsel indicated that he only recently located them. Tr. at 6 (Doc. 277). According to counsel, Mr. Sarrett is presently in an in-patient substance abuse treatment program in Colorado. Tr. at 4 (Doc. 277). With regard to Mr. Sarrett's availability, counsel represented that:

> The program is expected -- he's expected to be there probably until May or June [2018]. I asked the program coordinator whether it would be possible for him to leave for a short period of time and still be in compliance. And she told me that it was not but that it would be possible for them to arrange if we needed to take a deposition . . . She said she could not guarantee that but that that would be something that would be possible to do. And so he went into the program, my

8

understanding is, shortly before the depositions were scheduled and he has been in there continually since. He had a court hearing in Denver and this was part of that process in terms of resolving that.

Tr. at 8 (Doc. 277). Counsel further indicated that he did not look into whether Mr. Sarrett could respond to written discovery while in the treatment program. Tr. at 9 (Doc. 277).

With regard to Mr. Leyva, counsel initially indicated that Mr. Leyva has been located in California but "could not be here today." Tr. at 4 (Doc. 277). Counsel later elaborated that he and Mr. Leyva exchanged phone messages the week of the hearing, but had not actually spoken with each other in advance of the hearing. Tr. at 24 (Doc. 277).

## II. Valencia County and City of Belen Defendants' Motions to Dismiss (Docs. 237, 251)

Having detailed the relevant factual details, I turn now to summarize the motions to dismiss that have been referred to me.

### A. Valencia County and City of Belen Defendants' Joint Motion to Dismiss Mr. Sarrett and Mr. Leyva's Claims with Prejudice (Doc. 237)

On November 8, 2017, the Valencia County and City of Belen Defendants jointly moved for dismissal of Mr. Sarrett and Mr. Leyva's claims in the *Sarrett* case with prejudice as a sanction under Fed. R. Civ. P. 37(d)(1)(A)(i) due to the failure of these plaintiffs to appear at their depositions. Doc. 237. Defendants note that neither Mr. Sarrett nor Mr. Leyva provided any reason or excuse for their non-appearance and argue that this non-appearance has irreparably damaged Defendants' ability to oppose class certification and defend this litigation. Doc. 237 at 4-5. At the December 22nd motions hearing, Defendants additionally argued that Mr. Sarrett and Mr. Leyva's failure to attend the motions hearing and to respond to written discovery also justified dismissal of their claims with prejudice. Tr. at 12-20 (Doc. 277).

In response, Plaintiffs' counsel does not dispute that Mr. Sarrett and Mr. Leyva have repeatedly failed to appear and to comply with discovery obligations. Counsel nonetheless

argues that dismissal is inappropriate because of recent developments in locating Mr. Sarrett and Mr. Leyva. Doc. 240. Because Mr. Sarrett and Mr. Leyva have been located and can now presumably participate in prosecuting their claims, Plaintiffs' counsel asserts that Defendants cannot demonstrate actual prejudice or any egregious interference with the judicial process that would justify the harsh sanction of dismissal. *Id*. at 5. Finally, counsel argues that lesser sanctions are available to remedy any harm to Defendants that arose from Mr. Sarrett and Mr. Leyva's conduct. *Id*.  In particular, Plaintiffs' counsel suggests the awarding of attorney fees and costs to Defendants as an alternate sanction to dismissal. In addition, Plaintiffs' counsel seeks an additional thirty days within which to secure Mr. Sarrett and Mr. Leyva's compliance with their respective discovery obligations, including appearing for depositions.

**B. Valencia County Defendants' Motion to Dismiss Mr. Wilson's Lawsuit with Prejudice** (Doc. 251)

The Valencia County Defendants followed the oral motion to dismiss they made after Mr. Wilson failed to appear at the Court-ordered settlement conference with a written motion to dismiss Mr. Wilson's claims. Docs. 245, 251. In addition to failing to appear at the December 22, 2017 motions hearing, the Valencia County Defendants further asserted in their written motion that the last-minute continuance of Mr. Wilson's deposition and Mr. Wilson's failure to respond to written discovery support their motion to dismiss. Doc. 251.

Plaintiffs' counsel does not dispute the above conduct or the fact that Mr. Wilson's whereabouts are unknown. Doc. 261 at 1. Nonetheless, in lieu of dismissal, counsel asks that the Court allow an additional thirty-day period for Mr. Wilson to respond to discovery and to appear for a deposition. *Id*. at 3. Counsel states that if Mr. Wilson "does not respond during that time period, then the Court should enter an order of dismissal." *Id*. If Mr. Wilson is located and he

fulfills his discovery obligations, counsel indicates that Mr. Wilson "would concede an order for costs and fees . . . as an alternative sanction" to dismissal. *Id*.

## III.  Applicable Legal Standards

The Federal Rules of Civil Procedure authorize a district court to impose sanctions, including dismissal of a case with prejudice, for a party's failure to comply with court orders and discovery requirements set by local and federal rules. Here, Defendants[4] rely on Rules 16, 37, and 41 to support their argument that the Court should dismiss Plaintiffs'[5] claims with prejudice.

Turning first to Rule 41(b), this rule authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal citation omitted). As the Tenth Circuit has emphasized, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . .." *See Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). When a defendant seeks to dismiss a case with prejudice, as here, the Court should consider the five factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are: (1) the degree of actual prejudice to the defendant;

---

[4] Unless otherwise specified, "Defendants" hereinafter refers collectively to the Valencia County and City of Belen Defendants.

[5] Unless otherwise specified, "Plaintiffs" hereinafter refers collectively to Mr. Wilson, Mr. Sarrett, and Mr. Leyva.

(2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Id.* This is a highly fact-intensive inquiry that should generally be conducted on the record although the Tenth Circuit has affirmed dismissals even where the district court did not consider all of the factors. *See Lee v. Max Intern., LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (internal citation omitted). Ultimately, "the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted).

Under Rule 16(f), the Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney (1) fails to appear at a scheduling or other pretrial conference; (2) is substantially unprepared to participate—or does not participate in good faith—in a conference; or (3) fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)).

Rule 37 has several provisions concerning a party's failure to comply with his/her discovery obligations. Of particular relevance here, Rule 37(d) governs a party's failure to attend a deposition or to serve answers to interrogatories, and provides that the Court may, on motion,

order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition" or if a party "after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." *See* Fed. R. Civ. P. 37(d)(1)(A)(i)-(ii). Rule 37(d)(3) specifies that the Court may impose the following sanctions for these particular discovery violations:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) *dismissing the action or proceeding in whole or in part*;

(vi) rendering a default judgment against the disobedient party[.]

*See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) (emphasis added). In addition to, or instead of, the above sanctions, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P 37(d)(3). Rule 37(b) also authorizes the Court to impose the sanctions set forth above if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." Fed. R. Civ. P. 37(b)(2)(A).

Because our judicial system prefers to resolve cases on their merits, dismissal of a case with prejudice "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal citation omitted). "Because dismissal with prejudice defeats altogether

a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks and citations omitted).

## IV.    Analysis

### A.  Plaintiffs' Failure to Prosecute and Discovery Violations

Plaintiffs' counsel does not dispute the underlying facts giving rise to the motions. The failures of Mr. Wilson, Mr. Sarrett, and Mr. Leyva that support the issuance of sanctions include:

### 1.  *Failure to Attend Depositions*

Mr. Wilson, Mr. Sarrett and Mr. Leyva all failed to attend their depositions despite service of proper notice in violation of Rule 37(d)(1)(A)(i). Although Plaintiffs' counsel notified opposing counsel the day before the scheduled depositions that the depositions would not occur as planned, as we now know, Plaintiffs' counsel was forced to vacate and/or continue the depositions because he could not locate his clients to secure their appearance. The eleventh hour cancellation of these depositions is the near functional equivalent of non-appearance because opposing counsel had already prepared for the depositions, including scheduling court reporters to transcribe the proceedings.

### 2.  *Failure to Attend Court-Ordered Settlement Conferences and December 22, 2017 Motions Hearing*

Mr. Wilson's failure to attend the settlement conference violated Rules 16(f) and Rule 41(b) because he failed to comply with the Court order setting the conference that expressly required his attendance. The Court-ordered settlement conference in the *Sarrett* case was vacated after Plaintiffs' counsel notified the Court and opposing parties that he was unable to locate Mr. Sarrett and Mr. Leyva and notify them of the date and time of the conference. Mr. Wilson, Mr. Sarrett, and Mr. Leyva's subsequent failure to appear at the December 22, 2017 motions hearing then violated my order expressly requiring their appearance at the hearing. Even if Mr. Sarrett

and Mr. Leyva – both of whom counsel located prior to the hearing – could not appear in person, they made no attempt to obtain approval to appear telephonically. Despite their counsel being warned that their failure to appear could result in dismissal of their cases with prejudice, and their counsel's attempts to ensure their appearance, all three Plaintiffs were simply no-shows at the December 22nd hearing.

### 3. *Failure to Respond to Written Discovery*

In violation of Fed. R. Civ. P. 37(d)(1)(A)(ii), Mr. Wilson, Mr. Sarrett and Mr. Leyva all failed to respond to interrogatories the Valencia County Defendants propounded on October 24, 2017. Further, none of these three Plaintiffs have provided discovery late or sought to extend their response deadlines.

### 4. *Failure to Update Contact Information*

The responsibility to prosecute one's case with diligence logically includes a continuing duty to apprise one's counsel of any changes in contact information. Because Mr. Wilson, Mr. Sarrett, and Mr. Leyva failed to do so, their counsel could not contact them at critical junctures in this litigation despite diligent efforts to do so. Nor could their counsel obtain from them information necessary to respond to Defendants' discovery requests.

### B. **Analysis of *Ehrenhaus* Factors**

An analysis of the five *Ehrenhaus* factors demonstrates that Plaintiffs' conduct "outweigh[s] the judicial system's strong predisposition to resolve cases on their merits", *Ehrenhaus*, 965 F.2d at 921, and that dismissal of their claims with prejudice is the most appropriate sanction.

1. *Prejudice to the Opposing Party*

Plaintiffs' conduct has significantly prejudiced Defendants in a number of ways. First, their failure to respond to written discovery and/or attend depositions has hampered Defendants' ability to prepare their defense. In the *Sarrett* case, Defendants are unable to prepare their defense to the anticipated class certification motion because they have not received any information during the precertification discovery process. The class certification discovery deadline is later this month and the briefing deadlines for the class certification motions follow shortly thereafter. At this point, it appears that the unavailability of Mr. Sarrett and Mr. Leyva will prevent class certification discovery from being timely completed. Similarly, their unavailability prevents their individual claims from moving forward. Likewise, in the *Wilson* case, the discovery deadline is later this month and Mr. Wilson has failed to comply with any of his discovery obligations. Thus, Mr. Wilson's absence is preventing the parties from completing discovery in his case.

Defendants cannot defend the claims against them unless they are able to obtain discovery and no indication exists that discovery will be forthcoming. Indeed, the additional month Plaintiffs' counsel requested at the December 22nd hearing to provide discovery will almost have passed at the time this recommendation is filed. Still, no indication exists that the chances of Plaintiffs providing the information they must provide for their cases to progress have improved.

Defendants have also incurred expenses preparing for depositions at which Plaintiffs did not appear, preparing for the vacated *Sarrett* and *Wilson* settlement conferences, preparing never-responded-to discovery requests, and preparing the motions to dismiss that are at issue now. All

of these costs are directly attributable to Plaintiffs' actions. In sum, Plaintiffs' conduct has substantially prejudiced Defendants.

2.  *Amount of Interference with the Judicial Process*

"[W]hen considering whether there has been interference with the judicial process, courts have often looked to whether the willful abuse of the discovery process caused delays in the judicial proceedings." *See Maples v. Vollmer*, 2013 WL 1009558, * 21 (D.N.M. Mar. 5, 2013). Mr. Wilson has not been located and consequently, progress in his case is effectively stalled. Defendants are unable to move forward with preparing their defense of his claims without written discovery or Mr. Wilson's deposition, and the Court cannot reschedule the settlement conference or otherwise move the case forward without Mr. Wilson's participation. And, because Mr. Wilson's attorney cannot contact Mr. Wilson and has no idea where he is, the inability to move Mr. Wilson's case forward has no foreseeable end. Thus, I find that Mr. Wilson's failure to comply with his basic obligations as a litigant – which includes notifying his attorney of changes to his contact information – has interfered substantially with the judicial process.

Similarly, although Mr. Sarrett has been located, the Court has received no indication that he intends to move his case forward anytime in the near future. Indeed, Mr. Sarrett's inability to leave his in-patient treatment in Colorado before May or June 2018 (Tr. at 8 (Doc. 277)) precludes the Court from setting a trial or a hearing that would require his presence anytime within the next several months. It also precludes Defendants from taking his deposition in New Mexico within the next several months. Further, although Plaintiffs' counsel now knows where Mr. Sarrett is living, this knowledge has not assisted him in obtaining from Mr. Sarrett responses to the discovery Valencia County Defendants propounded on October 24, 2017. Although

Plaintiffs' counsel indicated that he planned to drive to Colorado the week after the December 22nd hearing to meet with Mr. Sarrett and to try and obtain these discovery responses (Tr. at 9 (Doc. 277)), to date the Court has received no indication that Mr. Sarrett has made any progress in providing Defendants with any of this discovery. Finally, Mr. Sarrett's history provides little confidence that he would actively participate in this litigation once he is discharged from his treatment center. As Plaintiffs' counsel acknowledged at the December 22nd hearing, he has only recently located Mr. Sarrett after having sent correspondence to his address, making phone calls to his number, engaging two different private investigators to attempt to locate him, and then finally hiring a lawyer to try and find him. Tr. at 5-6 (Doc. 277).

Mr. Leyva is in a similar position. Although Mr. Leyva traded phone messages with Plaintiffs' counsel the week of the December 22nd hearing (Tr. at 24 (Doc. 277)), it appears that Plaintiffs' counsel had lost contact with Mr. Leyva prior to that and made the same effort of writing, calling, hiring private investigators, and hiring a separate attorney in an effort to find Mr. Leyva. Tr. at 5-6 (Doc. 277). As with Mr. Sarrett, even though the Valencia County Defendants submitted their discovery requests to Mr. Leyva on October 24, 2017, to date the Court has received no indication that Mr. Leyva has responded to any of those discovery requests. Other than the representation from Plaintiffs' counsel that he and Mr. Leyva, who is living in California, traded non-descript messages prior to the hearing, the Court has received no indication that Mr. Leyva intends to move forward with his case. Indeed, had Mr. Leyva and Mr. Sarrett intended to move forward with their respective cases, in light of the Court's warning that their cases could be dismissed if they did not appear at the December 22nd hearing, I would have expected them to at least request to appear at the hearing telephonically.

In sum, the disregard all three Plaintiffs have shown toward discovery obligations and Court orders has led to delays in the judicial process and "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing part[ies]." *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)). Plaintiffs' failures to meet their discovery obligations, to attend Court hearings and depositions, and to communicate with their counsel have significantly hampered not only the opposing parties' ability to prepare their defense, but also their own counsel's ability to move forward, including seeking class certification in *Sarrett*. And although Mr. Sarrett and Mr. Leyva have both now purportedly been located, neither of them has since provided any indication that they remain interested in proceeding with their cases. Thus, the conduct of all three Plaintiffs has significantly impeded the judicial process.

3. *Culpability of the Litigants*

Plaintiffs' failure to apprise their counsel of their whereabouts demonstrates a serious neglect of their duty to prosecute their claims. This, coupled with their complete failure to respond to discovery, to attend Court hearings, depositions, and settlement conferences, and to otherwise comply with Court orders, shows a disregard of their responsibilities to litigate their respective cases. I find that Plaintiffs are culpable for their willful noncompliance with the federal rules of civil procedure and the Court's orders, and that this factor weighs heavily in favor of dismissal.

4. *Whether the Court warned Plaintiffs in advance that dismissal would be a likely sanction for non-compliance*

When Mr. Wilson failed to appear at the November 28, 2017 scheduled settlement conference and the Valencia County Defendants orally moved to dismiss his lawsuit, I advised Plaintiffs' counsel that severe consequences, including dismissal, could result from his clients' failure to attend the hearing on any motions for sanctions that were referred to me in connection

with the *Wilson* and *Sarrett* cases. Subsequently, the order setting the December 22, 2017 hearing on the motions to dismiss included an explicit warning that failure to attend the hearing would constitute an independent basis for sanctions, to include dismissal of their respective lawsuits. Thus, the Court provided Plaintiffs notice, through their counsel, that the failure to comply with Court orders, and in particular the order setting the December 22nd motions hearing, could lead to dismissal of their lawsuits.

Although I repeatedly advised the parties to timely comply with their discovery obligations during numerous status conferences held last year on discovery matters, I did not explicitly warn Plaintiffs' counsel that the Court would consider dismissing the cases with prejudice if his clients failed to meet their discovery obligations. Nonetheless, even if I had provided this warning, it likely would have been ineffective because Plaintiffs' counsel probably would not have been able to communicate the warning to his clients due to their failure to apprise him of their whereabouts. That being said, existing Tenth Circuit precedent indicates that an explicit warning is not required. *See Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1175 (10th Cir. 1995) (explaining that although no warning had been given, this fact did not undermine the court's consideration of the other *Ehrenhaus* factors). And because Plaintiffs were ultimately on notice prior to the December 22nd hearing that dismissal was a possible sanction for their conduct, I find this factor weighs in favor of dismissal of their claims with prejudice.

5.  *Efficacy of Lesser Sanctions*

After careful consideration of available lesser sanctions, I find that no sanction short of dismissal will sufficiently remedy the prejudice to Defendants or deter Plaintiffs from continuing to engage in similar conduct. The imposition of monetary sanctions would not be effective

against any of the Plaintiffs. First, it is clear that the problems at issue originate from the conduct of Plaintiffs, not their attorney. Counsel for Plaintiffs' inability to substantively communicate with his clients prevents him from being able to represent that his clients would prefer to pay sanctions than to have their case dismissed. And, having Plaintiffs' counsel (whose conduct is not at issue and who has already fronted money for the cost of litigation) pay the sanctions would do little to convince his clients to comply with their future obligations. Thus, while monetary sanctions might compensate Defendants for the unnecessary expenses they have incurred as a result of Plaintiffs' conduct, such sanctions would do nothing to assure Plaintiffs' future compliance with Court orders and discovery obligations.

In addition to agreeing to monetary sanctions as an alternative to dismissal, Plaintiffs' counsel requests the Court to allow an additional thirty days for his clients to comply with their discovery obligations before dismissing the lawsuit. This request, however, is based on hope rather than reason. With regard to Mr. Wilson, although Plaintiffs' counsel apparently did not have trouble contacting Mr. Wilson prior to October 2017 (Tr. at 5-6 (Doc. 277)), Plaintiffs' counsel has no idea where Mr. Wilson is now and is unable to provide any reason to think that he will be able to contact him in the near future.

With regard to Mr. Sarrett, although Plaintiffs' counsel now knows where he is, Plaintiffs' counsel has not conveyed any communication with his client or other reason to think that Mr. Sarrett remains interested in moving forward with his lawsuit. When I asked Plaintiffs' counsel at the December 22nd hearing how providing Mr. Sarrett with an additional month to provide information to Defendants would be effective given that he will be in an in-patient rehabilitation program for several more months, Plaintiffs' counsel indicated that he would try to get responses to written discovery within a week so that Mr. Sarrett's deposition could then be

taken within the next month. Tr. at 23 (Doc. 277). Despite Plaintiffs' counsel's hope that he would be able to get this done, counsel has provided no reliable basis for me to conclude that he will be able to do so, particularly since counsel already had three weeks to prepare for the December 22nd hearing, and almost an additional month since then.

With regard to Mr. Leyva, Plaintiffs' counsel stated "I believe that we can arrange that [deposition] in California and we can make that happen within that month as well." Tr. at 23 (Doc. 277). At the time of the hearing, however, Plaintiffs' counsel had not even had a conversation with Mr. Leyva and did not indicate that any message Mr. Leyva left for him gave counsel reason to believe that Mr. Leyva would be interested in moving forward with his case. Further, the City of Belen Defendants have made it clear that they are unwilling to travel outside of New Mexico to depose Mr. Leyva. Tr. at 27 (Doc. 277).

I also note that the report and recommendation process encompasses the additional time period that Plaintiffs' counsel seeks. Nearly a month has passed since the December 22nd motions hearing and the Court has received no indication that any of the Plaintiffs have made progress in responding to the written discovery that was due long ago. Upon entry of the PFRD, the objections period will last an additional fourteen days. Should Plaintiffs' counsel obtain discovery responses from any of the Plaintiffs during this time period, his objections can include this information. Judge Gonzales can then consider whether my recommended sanction of dismissal with prejudice remains appropriate in light of the changed circumstances.

At this point, however, Plaintiffs' failure to maintain contact with their counsel and to participate in this litigation demonstrates that they have little to no commitment to continuing their respective lawsuits. "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a

manner that most efficiently utilizes limited judicial resources." *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). In the absence of some foundation to support Plaintiffs' counsel's hope that his clients will begin to comply with their obligations to prosecute their cases, it would be unfair to Defendants for the *Wilson* and *Sarrett* cases to linger in their current state of stagnation.

## V.     Conclusion

In sum, each of the *Ehrenhaus* factors weighs against Mr. Wilson, Mr. Sarrett, and Mr. Leyva and in favor of dismissal. These factors, as applied to the underlying facts, outweigh the judiciary's strong interest in resolving claims on their merits. Therefore, I recommend that the Court grant both motions to dismiss pursuant to Rules 41(b), 16(f), and 37. I recommend dismissal with prejudice of the *Wilson* case in its entirety and dismissal with prejudice of Mr. Sarrett and Mr. Leyva's claims in the *Sarrett* case.

UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**